IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| **C AND C WINE AND SPIRITS, INC.,**<br><br>Plaintiff,<br><br>vs.<br><br>**RANDY SONGSTAD,**<br><br>Defendant. | Case No.: 1:23-cv-02512-STA-jay |

### ORDER DENYING DEFENDANT'S MOTION TO DISMISS
### AND
### DENYING PLAINTIFF'S MOTION TO STRIKE AFFIDIVIT

This is a legal malpractice action filed by C and C Wine and Spirits, Inc., against its former attorney Randy Songstad.[1] (Amd. Cmplt. ECF No. 17.) The action was removed from the Madison County Circuit Court with jurisdiction predicated on diversity of citizenship, 28 U.S.C. § 1332. The alleged malpractice giving rise to this lawsuit occurred in the case of *C & C Wine and Spirits, Inc., et al v. Penn National*, 2:23-cv-01024-JPM-jay (W.D. Tenn. June 7, 2023). (*Id.* at para. 6.) Defendant Songstad has filed a motion to dismiss on the ground that he did not represent C and C Wine and Spirits in the previous action but, instead, represented Hoyt Hayes Construction Company. (ECF No. 39.) Plaintiff has filed a motion to strike Defendant's affidavit that accompanied the motion to dismiss (ECF No. 38) and has filed a response to the motion to dismiss. (ECF No. 45.) No reply has been filed. For the reasons set forth below, Defendant's motion to dismiss is **DENIED**, and Plaintiff's motion to strike is **DENIED** as moot.

---

[1] Attorney Toby Gammill was voluntarily dismissed from the action without prejudice on May 7, 2024. (ECF No. 33.)

A defendant may move to dismiss a claim for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).  When considering a Rule 12(b)(6) motion, the court must treat all of the well-pleaded allegations of the pleadings as true and construe all of the allegations in the light most favorable to the non-moving party. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Saylor v. Parker Seal Co.*, 975 F.2d 252, 254 (6th Cir. 1992).  A complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Reilly v. Vadlamudi*, 680 F.3d 617, 622 (6th Cir. 2012) (quoting *Twombly*, 550 U.S. at 555). In order to survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

In the present case, Defendant Songstad has presented his own affidavit and various correspondence which he contends shows that he never represented Plaintiff. ("The Movant has never taken a retainer from the Plaintiff, never signed an Engagement Agreement with the Plaintiff and has had nothing to do with the Plaintiff in any litigious matter." (Mot. to Dis. p. 1, ECF No. 39.)) Despite Defendant's protestations, he is listed on the docket sheet of 2:23-cv-01024-JPM-jay as being counsel of record for both Plaintiff and Hoyt Hayes Construction.  The civil summons in the underlying state court case in 2:23-cv-01024-JPM-jay shows "C&C Wine and Liquor" as the

plaintiff and Defendant Songstad as "Attorney for Plaintiff." (ECF No. 1-1.) Moreover, the "Petition for Declaratory Judgment" in the state court case states "Comes now, C and C Wine Spirits, Inc., **by and through their attorney of record, Randall N. Songstad**…" (*Id.* (emphasis added.))  The Petition is signed by Songstad.

A court deciding a motion to dismiss may consider "other materials that are integral to the complaint, are public records, or are otherwise appropriate for the taking of judicial notice." *Wyser-Pratte Mgmt. Co. v. Telxon Corp.*, 413 F.3d 553, 560 (6th Cir. 2005). *See also* Fed. R. Evid. 201(b) (providing that a "court may judicially notice a[n] [adjudicative] fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.")  Accordingly, the Court has taken judicial notice of the documents filed in 2:23-cv-01024-JPM-jay and finds that Plaintiff has sufficiently pled that it was represented by Defendant Songstad in that case. Thus, the motion to dismiss is **DENIED**.  Plaintiff's motion to strike Songstad's affidavit is **DENIED** as moot.

IT IS SO ORDERED.

s/ S. Thomas Anderson
S. Thomas Anderson
United States District Judge

Date: October 22, 2024.